Paul Petitto appeals from a common pleas court judgment entered pursuant to a jury verdict in favor of John Faile in connection with claims for recovery arising out of a rear end motor vehicle collision and from the court's denial of his motion for a new trial. Following our review of Petitto's claim that the manifest weight of the evidence does not support the jury verdict, we have concluded that the trial court did not abuse its discretion in denying the motion for new trial and therefore affirm the judgment of the trial court.
The record here reveals that on December 8, 1995, Paul Petitto, operating a 1988 Dodge Shadow southbound on Engle Road, stopped at the traffic light at the intersection of Holland Road in Brook Park, Ohio. John Faile, who operated a 1991 Oldsmobile Cutlass, rear ended Petitto's vehicle causing some damage to the vehicle. At that time, Petitto did not complain of any physical injuries.
Six weeks later, however, Petitto sought medical attention from Dr. John Kavlich, for low back pain and received heat therapy, analgesics, and muscle relaxants.
On December 5, 1997, Petitto filed an action against Faile for failing to maintain the assured clear distance and for proximately causing his injuries. Prior to trial, Faile admitted his negligence in causing the collision, but denied that he proximately caused any injury to Petitto.
On November 2, 1998, the court conducted a jury trial at which Petitto testified that he failed to seek immediate medical attention because he expected the pain to resolve itself and he had no medical insurance. Petitto also presented a videotaped deposition of his treating physician, Dr. Kavlich. The defense called no witnesses.
On November 4, 1998, following charge and deliberation, the jury returned a verdict in favor of Faile. Petitto then moved for a new trial, the court denied the motion, and Petitto now appeals, both from the jury verdict and from the denial of the motion for new trial, and presents the following assignments of error:
I.
 THE VERDICT IN FAVOR OF DEFENDANT-APPELLEE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE UNCONTRADICTED MEDICAL TESTIMONY ESTABLISHED THAT DEFENDANT-APPELLEE'S NEGLIGENCE CAUSED PLAINTIFF-APPELLANT SOME INJURY.
II.
 THE TRIAL COURT'S OVERRULING OF PLAINTIFF-APPELLANT'S MOTION FOR NEW TRIAL WAS REVERSIBLE ERROR.
Petitto contends the court erred in failing to grant him a new trial because the manifest weight of the evidence did not support the jury's verdict in favor of Faile. Faile maintains the court properly denied Petitto's motion for a new trial because substantial evidence in the record supported the jury's verdict. The issues before us, then, are whether the jury verdict was against the manifest weight of the evidence and, as a result, whether the court abused its discretion when it denied Petitto's motion for a new trial based on his claim that the judgment is against the manifest weight of the evidence.
 In C.E. Morris Company v. Foley Construction (1978), 54 Ohio St.2d 279, the court stated in its syllabus:
 Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.
Civ.R. 59 addresses motions for new trial and provides in relevant part:
 (A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (6) The judgment is not sustained by the weight of the evidence; * * *
* * *
 In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
* * *
In Dillon v. Bundy (1991), 72 Ohio App.3d 767, the court stated at 773:
 The denial by a trial court of a motion for a new trial is subject to reversal on appeal only upon demonstration that the trial court abused its discretion. * * * In assessing whether a verdict is contrary to the weight of the evidence, trial courts are vested with wide discretion to determine whether a manifest injustice has been done. * * * Generally, a new trial should be granted pursuant to Civ.R. 59 (A) (6) where it appears that the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony. * * * However, if the verdict is supported by substantial competent, credible evidence, a trial court abuses its discretion in granting a new trial based upon the weight of the evidence. * * *
Further, with regard to standards of appellate review of trial court decisions relating to weight of the evidence issues, Section 3 (B) (3), Article IV of the Ohio Constitution provides:
 * * * No judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the cause.
In this case, the record reflects the jury considered Petitto's testimony in which he described his injuries, admitted he complained of no pain or discomfort immediately following the collision, and also admitted he had a previous automobile accident in which he sustained lower back injures; the jury further had the opportunity to consider the deposition testimony of Dr. Kavlich, who, on cross-examination, admitted that many of Petitto's symptoms could have resulted over time from age-related degeneration in Petitto's vertebrae.
Thus, here, the record contains some uncontroverted expert testimony describing Petitto's injury, but it also contains evidence from which the jury could have determined the injuries did not proximately result from the instant motor vehicle accident. Thus, some substantial, competent, credible evidence exists which supports the jury's verdict in favor of Faile. We cannot therefore conclude that the jury verdict was against the manifest weight of the evidence or that the court abused its discretion in refusing to grant a new trial. Accordingly, these assignments of error are not well taken and we affirm the decision of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., and DIANE KARPINSKI, J., CONCUR.
 ___________________________________ JUDGE, TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2 (A) (a).