I fully concur in the main opinion. I write separately to clarify the defense strategy in its overall context.
Viewing defense counsel's arguments in their entirety it cannot be concluded that the inappropriate remarks by counsel so prejudiced the jury against appellants that the trial court abused its discretion. Even assuming that all of the challenged remarks are improper argument, they comprise only about forty-eight lines of approximately three hundred ninety-eight lines of closing argument in the transcript of record, accounting for only 12 percent of the total. Read in context of the entire argument, the majority of counsel's argument attacks the believability of Ms. Syphax's claim for damages and whether she exaggerated or manufactured her injuries when she described them to Dr. Romano, her own attorneys and the jury.
In addition, at the beginning of the trial, the jurors were instructed that
 Opening statements play a very important part in the case, but I have to emphasize to you that what the attorneys say to us now what the attorneys say at any other time in the trial is not proof of anything. And your verdict is going to be based on the proof, which is the evidence * * *.
Prior to the closing argument, the trial court warned the jury not to consider closing arguments as evidence:
 Now, remember what I told you yesterday though about what the attorneys are about to say to us in these closing arguments. What the attorneys say to us is not proof of anything. And you have already heard all of the proof in this case upon which your verdict will be based.
And again in the jury instructions the trial court stated:
 The evidence does not include the opening statements of the attorneys and the closing arguments of the attorneys. I have explained to you the importance of those parts of the trial, but they are not evidence.
"A presumption always exists that the jury has followed the instructions given to it by the trial court." Pang,53 Ohio St.3d 186, paragraph four of the syllabus. In this case, the jury awarded damages to Ms. Syphax and there is nothing to rebut the presumption that the jury followed the instructions of the trial court with regard to arguments of counsel and instead was prejudiced by anything stated in argument. Contrary to the argument in the dissent, the mere size of the verdict is insufficient to establish proof of prejudice. Pena Northeast OhioEmergency Affiliates, Inc. (1995), 108 Ohio App.3d 96,104; Jeanne v. Hawkes Hosp. of Carmel (1991),74 Ohio App.3d 246, 257.
The trial court did not abuse its discretion in denying appellant's motion for a new trial in light of counsel's remarks because substantial, competent credible evidence exists to support the jury's verdict. In a factually similar case from the Tenth District Court of Appeals, the defense strategy was to demonstrate that the amount of damages claimed by plaintiffs was unreasonable in comparison to the injuries received by the plaintiffs. Dillonv. Bundy (1991), 72 Ohio App.3d 767, at 773. At trial, defense counsel produced evidence showing that plaintiff's medical bills mysteriously increased after retaining counsel. Id. Plaintiff's medical expert provided medical care upon the referral of counsel and had a financial relationship with plaintiff that gave the expert a pecuniary interest in the outcome of trial. Id. On appeal, the court held that the latitude given defense counsel made it appropriate to comment on this evidence in opening and closing arguments, but that specific remarks regarding plaintiff's counsel and the medical expert were inappropriate. Id. However, the court concluded that the comments "cannot be said to be so egregious in light of the remaining evidence adduced so as to warrant reversal for a new trial." Id.
The defense counsel's theory in this case was similar to that in Dillon. A review of the record demonstrates that the issue of damages was fairly contested at trial. Ms. Syphax has a history of chronic pain caused by injuries and accidents, including three auto accidents in an eight-month period before the accident that is the subject of this litigation. The role of the jury in this case was to determine the nature and extent of the injuries resulting from the last accident. As in Dillon, in light of the evidence adduced at trial, it cannot be said that defense counsel's remarks were so egregious as to distort the jury's ability to weigh the evidence presented at trial and fairly award damages to Ms. Syphax.
Moreover, it is axiomatic that the judge in this case was in the best position to observe the conduct of trial counsel and the evidence presented before the court. The trial judge concluded that the verdict of the jury should not be disturbed. Simply stated, the trial court did not abuse its discretion.
For these reasons, I concur in judgment only.