OPINION
Plaintiffs-appellants, J.H. and Elaine Mills,[1]
appeal the jury verdict and the decision of the trial court denying a new trial in their personal injury suit against defendant-appellee, Nicole Foister.
On June 2, 1996, the parties were involved in a car accident in which Nicole rear-ended the Mills' automobile. Elaine was pas- senger in the Mills' vehicle. Prior to the accident, Elaine had a history of rheumatoid arthritis and osteoarthritis dating back to 1993. She was taking a number of prescription medications for her condition. After the accident, Elaine was taken to the emergency room, but she was soon released as there were no obvious signs of injury. Little physical damage was done to the Mills' vehicle in the accident.
Two weeks after the accident, Elaine saw her family doctor. She visited her arthritis specialist in July for a routine appointment. Elaine began physical therapy for neck pain in September 1996, but she received no such therapy in 1997. She began to complain of lower back pain in late 1996. Subsequent x-rays showed arthritis and bone spurring in her neck and back consistent with the emergency room x-rays, indicating that she suffered from pre-existing rheumatoid arthritis.
The Mills filed a personal injury suit against Nicole, seeking compensation for Elaine's medical bills, pain and suffering, lost wages and other damages, and J.H.'s loss of consortium. A two-day jury trial was held at which the parties stipulated that Nicole's negligence was the cause of the accident. The parties strongly contested the severity of any harm done to Elaine by the accident. The Mills presented evidence that the accident caused Elaine great pain and greatly affected her ability to function. Nicole presented evidence that Elaine suffered from previous medical problems in her neck and back and that these previous conditions, not the accident, were the cause of Elaine's pain.
The jury returned a verdict in Elaine's favor for $500, and no award was given to J.H. The trial court journalized the jury verdict on July 15, 1999. The Mills filed a motion for a new trial contending that the verdict was insufficient in light of the evidence. The trial court overruled the motion for a new trial finding that the evidence was contested and that the jury could have rejected the Mills' evidence. The trial court stated that the Mills did not object to the jury verdict at trial, and that the jury verdict was not so inadequate as to deny Elaine justice. The Mills appeal, raising a single assignment of error:
 THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR A NEW TRIAL.
In their sole assignment of error, the Mills contend that the jury verdict was patently insufficient and most likely the result of passion or prejudice and not the evidence. The Mills assert that the medical expense award of $500 was far less than Elaine's actual medical bills, and that the denial of any pain and suffering damages was inconsistent with the award of medical expenses.
The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59 rests in the trial court's discretion. Sharp v.Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312; Dillon v.Bundy (1991), 72 Ohio App.3d 767, 773, jurisdictional motion overruled, 61 Ohio St.3d 1422. "Abuse of discretion" connotes that the trial court's judgment was unreasonable, arbitrary, or unconscionable. An abuse of discretion will be found where the trial court's decision is without a reasonable basis or is not supported by competent, credible evidence. Middendorf v.Middendorf (1998), 82 Ohio St.3d 397, 401. A new trial may be granted where the moving party has established one or more of the grounds for a new trial as provided in Civ.R. 59(A):
 (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or an abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
(2) Misconduct of the jury or prevailing party;
* * *
(6) The judgment is not sustained by the weight of the evidence;
(7) The judgment is contrary to law.
In the instant case, the causes and effects of Elaine's injuries were hotly contested issues. There was evidence that she did not suffer many of her current problems until after the accident, and that her lifestyle has been dramatically limited due to the pain of her present condition. But there was also testimony and evidence that before the accident Elaine suffered from chronic conditions which could lead to her present pain. There was testimony that even with this pain, she can still lead a somewhat active lifestyle. As noted by the trial court, there was such dispute in the evidence that the jury could easily have believed that Elaine's pain and current conditions are due to her past medical problems, not the accident.
An interrogatory given to the jury addressed the amounts of damages the jury believed were related to the accident. The jury was not inquired of further so as to explain its verdict. We must presume that the jury followed the instructions given by the trial court. Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph four of the syllabus. A small verdict, standing by itself, is not enough to prove that the jury lost its way in making its decision and based its verdict upon prejudice or passion. Pena Northeast OhioEmergency Affiliates, Inc. (1995), 108 Ohio App.3d 96, 104; Jeannev. Hawkes Hosp. of Carmel (1991), 74 Ohio App.3d 246, 257.
The Mills have presented nothing other than the alleged insufficiency of the verdict in support of their argument that the jury reached an improper verdict. In fact, the jury verdict is entirely understandable and reasonable when one considers that the total medical bill for Elaine's examination at the emergency room and her visit with her family physician two weeks after the accident was approximately $500. Because these expenses clearly arose out of the accident, the jury could have reasonably concluded that Elaine should be compensated for these medical bills. If the jury concluded that the other medical expenses and pain and suffering were due to Elaine's previous condition, no further monetary award was necessary. The question asked of the trial court by the jury during deliberations supports such a view of the jury verdict.[2]
The trial court did not err when it concluded that there was sufficient conflict in the evidence concerning any injury to Elaine from the accident to support the jury verdict. The Mills have not demonstrated that the verdict was unsupported by the evidence. The trial court did not abuse its discretion by overruling the Mills' motion for a new trial. The assignment of error is overruled.
 ________________________ YOUNG, J.
POWELL, P.J., and VALEN, J., concur.
[1] The parties will be individually referred to by their first names. When referred to together, J.H. and Elaine Mills will be referred to as "the Mills."
[2] The jury asked:
 If the jury does not believe that the plaintiff's current injuries are a result of the accident — can the jury elect to award for emergency room/medical bill immed[iately] follow[ing] (3 mos.) after the accident?