JOURNAL ENTRY AND OPINION
The appellants, Joanna Henderson and James Henderson, appeal the award of the jury and the denial of their motion for a new trial. For the reasons set forth below, we affirm the decision of the trial court.
On November 11, 1996, appellant, Joanna Henderson, was driving on Interstate 71 north, just past the Interstate 71/Interstate 90 split, when the appellant's vehicle spun out on a patch of ice and was struck by an oncoming car. The driver of the other vehicle was taken away by an ambulance while the appellant remained at the scene in the backseat of a police car. Although the appellant characterized the accident as minimal, she claimed thirty-thousand dollars ($30,000) in damages due to the first collision.
As the appellant waited in the police car, the appellee, Jason S. Mallory, was driving down the same stretch of road when he came upon the accident scene. The appellee hit a patch of ice on the road causing his vehicle to strike the rear of the police cruiser where the appellant was sitting.
The appellant was taken by EMS to the MetroHealth Hospital Emergency Room. The EMS crew placed her in a cervical collar. The appellant testified that upon reaching the emergency room, she told the doctors that she had pain in her head, neck, and shoulder area. The appellant was examined, given an x-ray, the results of which were negative, and then discharged by the hospital with instructions to follow up with the medical clinic at MetroHealth.
The appellant then contacted her attorney to find a doctor for treatment. Her attorney referred her to the Cleveland Therapy Center (CTC). The appellant received treatment by Dr. Sabransky, an independent contractor, from November 1996 through April 1997. Dr. Sabransky placed the appellant on a regimen of active and passive treatment, including the use of a TENS unit which is used to relieve muscle pain by electronic pulses. Dr. Sabransky later referred the appellant to Dr. Harris for further treatment. Neither of the doctors had placed the appellant on any type of physical restrictions, but both doctors determined that the appellant's pain could continue for an indefinite period.
Dr. Harris and Dr. Sabransky both testified as to the injuries of the appellant and the treatments given to her. Dr. Sabransky testified to a reasonable degree of medical certainty that the appellant's condition was directly related to the car accidents in which she was involved, the second accident causing the most damage.
This case proceeded to trial on October 15, 1998. On October 18, 1998, the jury returned a verdict in favor of the appellant in the amount of nine thousand dollars ($9,000) at appellee's costs. The jury found in favor of the appellee in regard to appellant, James Henderson's, claim for loss of consortium.
On November 2, 1999, appellants filed a motion for a new trial in the trial court, and the appellee filed a brief in opposition. On March 8, 2000, the trial court denied appellants' motion for a new trial.
On April 5, 2000, appellants filed their notice of appeal from the jury verdict and the motion for a new trial in which they assert the following assignments of error:
 I. THE JURY VERDICT ON DAMAGES WAS NOT SUPPORTED BY SOME COMPETENT, CREDIBLE EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT COMMITTED ERROR IN NOT GRANTING THE APPELLANT'S MOTION FOR A NEW TRIAL.
The appellants assert that the jury's verdict awarding only $9,000 is against the manifest weight of the evidence because appellee admitted liability and appellant presented undisputed evidence of her injuries, medical bills, pain and suffering, and her husband's claim for loss of consortium. Appellants' first and second assignments of error are without merit.
In C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, the Ohio Supreme Court stated in its syllabus:
 Judgments supported by some competent, credible evidence going to all the essential elements of a case will not be reversed by a reviewing court as being against the manifest weight of the evidence.
Civ.R. 59 addresses motions for new trial and provides in relevant part:
 (A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence;
* * *
(7) The judgment is contrary to law;
* * *
 In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
In Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773, 596 N.E.2d 500, the court stated:
 The denial by a trial court of a motion for a new trial is subject to reversal on appeal only upon demonstration that the trial court abused its discretion. * * * In assessing whether a verdict is contrary to the weight of the evidence, the trial courts are vested with wide discretion to determine whether a manifest injustice has been done. * * * Generally, a new trial should be granted pursuant to Civ.R. 59(A)(6) where it appears that the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony. * * * However, if the verdict is supported by substantial competent, credible evidence, a trial court abuses its discretion in granting a new trial based upon the weight of the evidence.
In the case at bar, the appellee admitted liability, so the only issue for the jury to determine was that of damages. The record reflects that the jury heard Joanna Henderson's testimony in which she described her injuries from the two accidents and the progression of her injuries until the date of trial. The appellant also put forth the testimony of Dr. Sabransky, her physician for the treatment of her injuries, and Dr. Harris, her second physician, to whom she was referred by Dr. Sabransky. Both doctors testified as to the appellant's injuries, and both doctors further testified that they did not place Mrs. Henderson on any type of physical restrictions.
The appellant's husband also testified as to his wife's pain and physical abilities, both before and after the accidents in question. He further testified and gave evidence as to his claim for loss of consortium.
Damages awarded in personal injury actions are particularly within the province of the jury, and a party's disagreement with the jury verdict does not warrant the setting aside of the verdict. Gedetsis v. Anthony Allega Cement Contr. (Sept. 23, 1993), Cuyahoga App. No. 64954, unreported, 1993 Ohio App. LEXIS 4482, at 8, citing Litchfield v. Morris (1985), 25 Ohio App.3d 42, 43-44, 495 N.E.2d 462. It is well established that the size of a jury award does not in and of itself constitute evidence of passion or prejudice. Jenanne v. Hawkes Hosp. of Mt. Carmel (1991), 74 Ohio App.3d 246, 598 N.E.2d 1174. Additionally, a jury verdict is presumed to be based on the evidence presented at trial and not based on the influence of passion or prejudice. Prudential Ins. Co. of America v. Hashman (1982), 7 Ohio App.3d 55, 454 N.E.2d 149; Gedetsis, supra. This court finds that the judgment of the jury was based on competent and credible evidence and, therefore, the verdict of the jury is not against the manifest weight of the evidence.
In regard to the trial court's denial of appellant's motion for a new trial, a reviewing court will not reverse the decision of the trial court absent an abuse of discretion. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In this case, the actions of the trial judge in denying the appellants' motion for a new trial did not rise to the level of an abuse of discretion. Therefore, appellants' two assignments of error are without merit.
Judgment affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________ CELEBREZZE, J.:
TIMOTHY E. McMONAGLE, P.J., AND KENNETH A. ROCCO, J., CONCUR.