This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Kyle S. Yehnert ("Yehnert"), appeals the decision of the Summit County Court of Common Pleas granting appellee, Lorraine Frost-Balazowich ("Frost"), a new trial. This Court reverses.
 I.
On June 10, 1999, Frost and Bruce Frost[1] filed a complaint seeking damages for injuries caused in an automobile accident with Yehnert. The case proceeded to trial on April 5, 2001. The jury returned a verdict for Frost and an award of damages in the amount of $5,000. On April 20, 2001, Frost moved the trial court for an order vacating the judgment of the jury's verdict and an order granting a new trial pursuant to Civ.R. 59(A)(4) and (6).[2] The trial court vacated the judgment and granted Frost a new trial finding the verdict provided her with "inadequate damages appearing to be given under the influence of passion or prejudice."
This appeal followed.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED PLAINTIFF-APPELLEE'S, LORI FROST-BALAZOWICH'S MOTION FOR NEW TRIAL.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT'S ENTRY IS DEFICIENT IN THAT IT FAILS TO STATE UPON WHAT FACTS IT BASED ITS FINDING THAT THE VERDICT WAS THE RESULT OF PASSION OR PREJUDICE.
Yehnert's two assignments of error are related and will be considered together for ease of discussion. On appeal, Yehnert challenges the trial court's decision to grant Frost a new trial pursuant to Civ.R. 59(A)(4).
Civ.R. 59(A) governs the grounds for granting a new trial. The relevant section provides:
 (A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice[.]
The decision as to whether a motion for new trial should be granted lies within the sound discretion of the trial court, and its ruling will not be reversed upon appeal absent a showing of an abuse of discretion.Verbon v. Pennese (1982), 7 Ohio App.3d 182, 184. An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
The assessment of damages is generally an issue to be decided by the jury. Weidner v. Blazic (1994), 98 Ohio App.3d 321, 334. A court may not award a new trial on the basis of inadequate damages unless the movant is able to establish that the verdict resulted from jury passion and prejudice and that the damages were "so overwhelmingly disproportionate as to shock reasonable sensibilities." Pena v. Northeast Ohio EmergencyAffiliates, Inc. (1995), 108 Ohio App.3d 96, 104.
In the present case, the trial court granted Frost a new trial pursuant to Civ.R. 59(A)(4). When reviewing the grant of a new trial on Civ.R. 59(A)(4) ground, it has been held that the size of a verdict, without more, is insufficient to prove passion or prejudice. Weidner,98 Ohio App.3d at 334-335. "There must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury." Shoemaker v. Crawford (1991),78 Ohio App.3d 53, 65. In order to determine whether passion or prejudice affected a damage award so as to warrant a new trial, an appellate court should "consider the amount of the verdict, whether the jury considered incompetent evidence, improper argument by counsel or other improper conduct which can be said to have influenced the jury." Dillon v. Bundy
(1991), 72 Ohio App.3d 767, 774, citing Fromson Davis Co. v. Reider
(1934), 127 Ohio St. 564, paragraph three of the syllabus.
The entirety of Frost's argument with respect to inadequate damages was a recitation of her injuries, the respective damages awarded, and a declaration that the testimony regarding her medical bills in the amount of $57,000 was uncontroverted. Frost did not assert that the damages awarded appeared to have been given under the influence of passion or prejudice; nor did she point to any portion of the record that would support that proposition. Consequently, Frost has failed to establish that she was entitled to a new trial because the jury, under the influence of passion or prejudice, awarded inadequate damages. Accordingly, the trial court abused its discretion in granting Frost's motion for a new trial under Civ.R. 59(A)(4). Yehnert's first assignment of error is sustained. This Court's disposition of the first assignment of error renders Yehnert's second assignment of error moot.
 III.
Having sustained Yehnert's first assignment of error, the judgement of the trial court is reversed and the cause remanded to reinstate the judgment awarding Frost damages in the amount of $5,000.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR.
[1] The record reflects that Mr. Frost sought damages on a loss of consortium claim. The jury returned a verdict in favor of Mr. Frost with an award of zero damages. As the trial court did not grant Mr. Frost a new trial, this claim is not before this Court on appeal.
[2] Frost moved the trial court for a new trial under Civ.R. 59(A)(4) and (6). When a new trial is granted, Civ.R. 59 requires a trial court to "specify in writing the grounds upon which such new trial is granted." The trial court granted Frost a new trial pursuant to Civ.R. 59(A)(4). Accordingly, a new trial pursuant to Civ.R. 59(A)(6) is not before this Court.