[Cite as *Jeffrey Allen Industries, L.L.C. v. Manco*, 2014-Ohio-268.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JEFFREY ALLEN INDUSTRIES, LLC, ET AL., | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiffs - Appellees | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RONALD J. MANCO, ET AL., | : | Case No. 13CA53 |
| | : | |
| Defendants - Appellants | : | |
| | : | |
| and | : | |
| | : | |
| JOHN B. OFFENBURGER, | : | O P I N I O N |
| Third Party Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | |
| | : | |
| JEFFREY A. BENTON, | : | |
| Third Party Defendant-Appellee | : | |

CHARACTER OF PROCEEDING: Appeal from the Richland County
Court of Common Pleas, Case No.
08-CV-1342

JUDGMENT: Affirmed in part and reversed and
remanded in part

DATE OF JUDGMENT: January 24, 2014

APPEARANCES:

For Defendant--Appellee                    For Plaintiff-Appellant
Jeffrey A. Benton                          John B. Offenburger

BENJAMIN D. KITZLER                        ROBERT A. FRANCO
Spaulding & Kitzler, L.L.C                  SHANNON G. BECKER
3 North Main Street, Suite 803             1007 Lexington Avenue
Mansfield, OH 44902                        Mansfield, OH 44907

*Baldwin, J.*

{¶1}     Third-party plaintiff-appellant John Offenburger appeals from the May 17, 2013 Judgment Entry of the Richland County Court of Common Pleas granting the Motion for New Trial filed by third-party defendant-appellee Jeffrey Benton.

STATEMENT OF THE FACTS AND CASE

{¶2}     On or about March 16, 2007, an Asset Purchase Agreement was entered into between appellant John Offenburger and Ronald Manco, as buyer, and Jeffrey Allen Industries, LLC ("JAI") and Stacy Trimble, who owned JAI and was then appellee Benton's girlfriend, as seller. Pursuant to the terms of the agreement, appellant and Manco purchased the assets of a cabinet making business for $200,000.00.  Paragraph 16 of the agreement stated, in relevant part, as follows:

{¶3}     "Noncompetition. The Seller, Stacy L. Trimble and Jeffrey A. Benton, personally, agree that, for a period of three (3) years from the date of Closing hereof, they will not directly own, manage, operate, join, control, or participate in the ownership, management, operation or control of or be connected with, in any manner, any cabinet making business within a sixty (60) mile radius of Galion, Ohio, which shall be in competition with the business of the Buyer…" The agreement was signed by Trimble  as owner of JAI and also individually  as to paragraphs 6 (which concerned representation and warranties of the seller) and 16 and by appellant and Manco. Appellee, who was a key employee of JAI, signed in his individual capacity as to paragraphs 6 and 16.

{¶4}     On March 26, 2007, contemporaneously with the closing in this matter, appellant formed Stonybrook Cabinet Company, Inc.

{¶5} On July 8, 2008, JAI filed a complaint against appellant John Offenburger, Stonybrook Cabinet Co., Inc. and Ronald Manco. In its complaint, JAI asserted claims for breach of contract, fraud, replevin and unjust enrichment. The claims all related to the sale of JAI's assets to appellant and Manco.

{¶6} On September 15, 2008, appellant John Offenburger and Stonybrook Cabinet Co. filed a third party complaint against appellee Benton and Trimble, alleging conversion, civil theft, and breach of the non-compete clause in the Asset Purchase Agreement. In their Third Party Complaint, appellant and Stonybrook demanded judgment against both appellee Benton and Trimble. On April 23, 2009, a Notice of Suggestion of Death of Ronald Manco was filed. An amended third party complaint was filed on August 30, 2011 that added Julius Homes, LLC as a third party defendant and added a claim of tortious interference with contract.

{¶7} A jury trial was held in December of 2012 on the issue of whether or not appellee had violated the non-compete clause contained in paragraph 16 of the Asset Purchase Agreement. Appellee represented himself at trial and Trimble and Julius Homes, LLC did not appear. The jury, on December 21, 2012 returned with a $300,000.00 verdict in favor of appellant. As memorialized in a Journal Entry filed on January 2, 2013, the trial court entered judgment in favor of appellant and against appellee in the amount of $300,000.00 plus interest. The trial court, in a separate Judgment Entry filed on the same day, entered judgment in favor of appellant and against Trimble and Julius Homes, LLC.

{¶8} On January 4, 2013, appellee filed a Motion for Judgment Notwithstanding the Verdict and Motion for a New Trial. Appellee, in his motion, alleged that he was

entitled to a new trial pursuant to Ohio Civ.R. 59(A)(4) and (A)(6) because appellant was awarded excessive damages that appeared to have been given under the influence of passion or prejudice and because the judgment was not sustained by the weight of the evidence. Appellant filed a memorandum in opposition to such motion on February 15, 2013.

{¶9} As memorialized in a Judgment Entry filed on May 17, 2013, the trial court overruled appellee's Motion for Judgment Notwithstanding the Verdict, but granted his Motion for New Trial. The trial court, in its Judgment Entry, stated, in relevant part, as follows: "Mr. Benton [appellee] filed his motions pro se and defended himself at trial. For an untrained person he did a respectable job but his efforts fell well short of a lawyerly performance. Mr. Offenburger [appellant], on the other hand, hired two young but well-qualified attorneys,… Mr. Benton [appellee] in his humble request for the jury to treat him fairly was simply no match for [appellant's attorneys]." The trial court further stated that while there was a "smattering of evidence" that appellee's cabinet-making may have cost appellant some customers, "there was no evidence that [appellant] was either capable or willing to serve customers." The trial court also found that there was "little evidence" to justify the $300,000.00 in damages that the jury awarded to appellant.

{¶10} Appellant now appeals from the trial court's May 17, 2013 Judgment Entry, raising the following assignments of error on appeal:

{¶11} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPROPERLY GRANTED A NEW TRIAL ON THE BASIS OF GROUNDS NOT SPECIFIED IN ITS ORDER, OR ON GROUNDS NOT LEGALLY RECOGNIZED BY LAW OR SUPPORTED BY FACT.

{¶12}   INSOFAR AS IT MAY BE IMPLIED THAT THE TRIAL COURT GRANTED A NEW TRIAL BASED ON THE GROUNDS THAT THE EVIDENCE WAS NOT SUFFICIENT TO SUPPORT THE UNANIMOUS JURY VERDICT, IT WAS AN ABUSE OF DISCRETION BECAUSE THE JURY VERDICT WAS SUPPORTED BY COMPETENT CREDIBLE EVIDENCE ON EACH ELEMENT OF APPELLANT'S CLAIM FOR BREACH OF CONTRACT.

{¶13}   INSOFAR AS IT MAY BE IMPLIED THAT THE TRIAL COURT GRANTED A NEW TRIAL BASED ON THE GROUNDS THAT THE DAMAGES WERE EXCESSIVE OR TOO LARGE, IT WAS AN ABUSE OF DISCRETION BECAUSE THE JURY VERDICT WAS SUPPORTED BY COMPETENT CREDIBLE EVIDENCE, AND THERE WAS NO FINDING THAT THE AWARD WAS INFLUENCED BY PASSION OR PREJUDICE.

{¶14}   For purposes of judicial economy, and because all three assignments relate to whether or not the trial court erred in granting the Motion for New Trial, we shall address the assignments of error together.

I, II, III

{¶15}   Appellant, in his three assignments of error, argues that the trial court erred in granting appellee's Motion for New Trial.

{¶16}   Civ.R. 59(A) governs grounds for a new trial and states as follows: "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

{¶17} "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

{¶18} "(2) Misconduct of the jury or prevailing party;

{¶19} "(3) Accident or surprise which ordinary prudence could not have guarded against;

{¶20} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

{¶21} "(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

{¶22} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

{¶23} "(7) The judgment is contrary to law;

{¶24} "(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;

{¶25} "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

{¶26} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."

{¶27} Depending on the basis of the motion for a new trial, we review the trial court's decision under either a de novo or an abuse of discretion standard of review. *Rohde v. Farmer,* 23 Ohio St.2d 82, 262 N.E.2d 685 (1970), paragraphs one and two of

syllabus. "Where a trial court is authorized to grant a new trial for a reason which requires the exercise of sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court." *Id.* at paragraph one of syllabus. However, "[w]here a new trial is granted by a trial court, for reasons which involve no exercise of discretion but only a decision on a question of law, the order granting a new trial may be reversed upon the basis of a showing that the decision was erroneous as a matter of law." *Id.* at paragraph two of syllabus. An abuse of discretion implies that the court's attitude was "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶28}   While the trial court, in its May 17, 2013 Judgment Entry, did not specify which subsection of Civ.R. 59 it was basing its judgment on, we note that appellee, in his motion, only alleged that he was entitled to a new trial pursuant to Civ.R. 59(A)(4) and (6).   Appellee, in his brief, now maintains that a new trial was warranted under Civ.R. 59(A)(6) and (7) because "there was no evidence [a]ppellee breached the non-compete agreement. " Appellee further contends that a new trial was warranted under Civ.R. 59(A)(4) or (5) because the damages were excessive and/or without basis in evidence.

{¶29}   As is stated above, Civ.R. 59(A)(6) permits a trial court to grant a new trial on the basis that the judgment is not sustained by the weight of the evidence. If the verdict is supported by substantial competent, credible evidence, a trial court abuses its discretion in granting a new trial based upon the weight of the evidence. *Dillon v. Bundy,* 72 Ohio App.3d 767, 773-774, 596 N.E.2d 500 (10th Dist. 1991).

{¶30}   A trial court's decision to grant a motion for a new trial based upon the weight of the evidence will be overturned on appeal only where the trial court abused its discretion in granting the motion. *Rohde, supra,* 23 Ohio St.2d at 90. A trial court may not set aside a jury verdict upon the weight of the evidence based upon a mere difference of opinion with the jury; doing so constitutes an abuse of discretion by the trial court. *Id.* at 92. The jury's function is to weigh the evidence in the first instance, and a trial court may not usurp that function. *Id.*

{¶31}   The trial court, in its May 17, 2013 Judgment Entry, appears to find, in part, that the jury's decision that appellee violated the non-compete provision in the Asset Purchase Agreement was against the manifest weight of the evidence.  The trial court, in its Entry, stated that "[t]he evidence at trial could be interpreted to indicate that [appellant] closed his business before [appellee] picked up the slack which indeed was the testimony of [appellee]. [Appellant's] ability to do quality cabinetry was alluded to by [appellant] but was not fully substantiated by the evidence." The trial court  further held that  "[i]t is this Court's Opinion that a reasonable jury could just as well have found that [appellee] got back into cabinet-making at the request of former customers who were not being served by [appellant]., i.e. he was either out of business or unable to do the work."

{¶32}   However, we find that the jury's decision that appellee violated the non-compete provision was supported by competent, credible evidence and that the trial court erred in granting a new trial, under either Civ.R. 59(A)(6) or (7), on such basis. At the trial in this matter, appellee testified that after the closing, he began doing business as Julius Homes, LLC. In representing himself, he conceded that he competed with

appellant and indicated that he did so because his former customers where not being taken care of by appellant. Appellee stated that he went back to building cabinets around April of 2008. Appellee, in his brief, contends that at the time he started doing so, Stonybrook had ceased operations and that, therefore, he did not violate the non-compete provision.

{¶33} However, at the trial, appellant testified that he was engaged in cabinet making until he closed his business in March of 2009. Appellant testified that, in November of 2007, the Articles of Incorporation for Unique Granite were filed. According to appellant, during the beginning of 2008, Stonybrook and Unique were combined into one company. While appellant ceased doing business in February of 2008 as Stonybrook Cabinet Company, he testified that they continued doing business under Unique Granite and Custom Cabinets and continued building cabinets. An insurance policy for Unique Granite, that was admitted as an exhibit and covered the period from October 27, 2008 through October 27, 2009, described the business as including cabinet making. In addition, employee payroll records from the period from December 28, 2008 through March 6, 2009 for Unique Granite were admitted as exhibits. Appellant testified that, during such time, they were building cabinets. Furthermore, Unique Granite's bank statements for the periods from January 1, 2008 through April of 2009 were admitted as exhibits as were tax returns for Stonybrook for 2008 and Unique Granite for 2008 and 2009. Appellant testified that, during such time period, he was in business and was making cabinets.

{¶34} At the trial, Eric Swainhart, the owner of Liberty Cabinet Components who was called as a witness by appellee, testified that he did work for appellee's company

and also for appellant's company in May or June of 2008. He further testified that he did work for appellee in June and July of 2008. Swainhart testified that, in June of 2008, he did work involving cabinets for Unique Granite and that he hired appellant to do some cabinetry work for him in the fall of 2008 on a Victoria's Secret job. He further testified that he told appellee that he was doing work for Unique Granite at that point and that "[e]veryone involved knew exactly what was going on…" Trial Transcript at 146. Swainhart testified that, throughout 2008, appellee knew that he was working for appellant's company.

{¶35} Ty Pritchett, a former employee of appellant's who was employed at appellant's cabinet making business until around February of 2008, testified that he kept in touch with appellant after he left and that appellant was still conducting business until September or October of 2008. He testified that, in February of 2008, the shop was "[r]unning as usual" and that "[e]verything was working." Trial Transcript at 149. He further testified that cabinets were being made and that, when he visited the shop after he left his employment there, he did not notice anything unusual.

{¶36} Based on the foregoing, we find that there was substantial credible evidence supporting the jury's verdict that appellee violated the non-compete agreement with appellant, who was the buyer of appellee's business. The trial court, in its Judgment Entry, clearly indicated that it had a difference of opinion with the jury. However, a trial court may not set aside a jury verdict upon the weight of the evidence based upon a mere difference of opinion with the jury; doing so constitutes an abuse of discretion by the trial court

{¶37} Appellant also argues that the trial court erred in granting a new trial on the basis that the award of $300,000.00 in damages was excessive or too large.

{¶38} As is stated above, appellee also asked for a new trial pursuant to Civ.R. 59(A)(4). Such section provides that a new trial may be granted on the following grounds: "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice." The trial court, in its Judgment Entry, appeared to find that the damages awarded were excessive and/or against the manifest weight of the evidence.

{¶39} An appellate court reviewing whether a trial court abused its discretion in ruling on a motion for a new trial pursuant to Civ.R. 59(A)(4) must consider (1) the amount of the verdict, and (2) whether the jury considered improper evidence, improper argument by counsel, or other inappropriate conduct which had an influence on the jury. *Dillon v. Bundy*, 72 Ohio App.3d 767, 774, 596 N.E.2d 500 (10th Dist. 1991). To support a finding of passion or prejudice, it must be demonstrated that the jury's assessment of the damages was so overwhelmingly disproportionate as to shock reasonable sensibilities. *Jeanne v. Hawkes Hosp. of Mt. Carmel*, 74 Ohio App.3d 246, 257, 598 N.E.2d 1174, 1181 (10th Dist. 1991). The mere size of the verdict is insufficient to establish proof of passion or prejudice. *Jeanne,* 74 Ohio App.3d at 257.

{¶40} In Ohio, it has long been held that the assessment of damages is so thoroughly within the province of the jury that a reviewing court is not at liberty to disturb the jury's assessment absent an affirmative finding of passion and prejudice or a finding that the award is manifestly excessive." *Moskovitz v. Mt. Sinai Med. Ctr.,* 69 Ohio St.3d 638, 655, 635 N.E.2d 331 (1994).

{¶41}   The trial court, in this matter did not make an affirmative finding of passion or prejudice or that the award was manifestly excessive. Rather the trial court, in its Judgment Entry, stated that the jury awarded damages in the amount of $300,000.00 "with little evidence to justify the figure".    The trial court, therefore, appears to have relied on Civ.R. 59(A)(6) which concerns the weight of the evidence. The trial court further stated, in relevant part, as follows: "The jury apparently observed that [appellee] had deposited a substantial sum in his banking account and assumed that [appellant] would have garnered a like sum had he elected to remain in business sans competition from [appellee]. There was no evidence what the costs of doing business were or would have been by either party…There was no evidence to indicate the actual profits [appellee] gained from cabinet-making during the time in question."

{¶42}   The jury, in this matter, appears to have awarded appellant $300,000.00 on the basis that, because his business failed, appellant had to pay $300.000.00 in bank loans that he had personally guaranteed. Of this amount, $200,000.00 was for the initial loan to purchase appellee's business and $100,000.00 was a line of credit taken out for the company. Appellant contends that  he was forced to pay such amount after he was forced out of business by appellee's competition.

{¶43}   However, during his testimony at trial, appellant indicated that business dried up because of competition and that Stonybrook ceased operations in February of 2008 because it was unprofitable the way that it was being run.  He further testified that he had disagreements with Ron Manco about how the business was being run. Appellant testified that Stonybrook was closed because "we had people like you [appellee] competing directly against us when you weren't supposed to be." Trial

Transcript at 68-69. While there is evidence that appellant suffered damages as a result of appellee's competition, there is a dearth of evidence that appellant was forced to close solely because of appellee's competition and, as a result, suffered $300,000.00 in damages. We find, on such basis, that the trial court did not err in granting a new trial with respect to the amount of damages. The trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶44}   Based on the foregoing, appellant's first and second assignments of error are overruled and appellant's third assignment of error is  sustained.

{¶45}   Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for a new trial on the issue of damages sustained by appellant as a result of appellee's breach.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.