JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Albert and Bernice Woolley appeal from the judgment of the trial court following a jury verdict in their favor against defendants-appellees Farmer Jones Farms, et al. for the sum of $2,604.54 in plaintiffs' personal injury action. Plaintiffs claim the trial court abused its discretion in denying their motion for a new trial because the damage award was inadequate and against the manifest weight of the evidence. We find no error and affirm.
This case arose out of an automobile accident that occurred on May 3, 1997, when Albert Woolley's 1994 Saturn was struck from behind by a Ford Econoline van operated by David Hiss for his employer, Farmer Jones Farms. The speed of the van at the time of impact was approximately fifteen miles per hour.
Prior to trial, defendants admitted negligence and paid Mr. Woolley in full for the damage to his vehicle. Thus, the only remaining issues involved the nature and extent of Mr. Woolley's injuries, if any, that were sustained in the accident.
Mr. Woolley testified at the September 23, 1996 trial that immediately after the accident, he had a tremendous amount of pain in the lower right side of his back and in his neck and shoulder area. He chose not to call an ambulance and drove himself to Mt. Sinai Medical Center where he was examined and x-rayed. No fracture was found, and he was given exercises to perform. Later that day, he met Mr. Hiss at the police station, where they filled out an accident report.
Mr. Woolley testified that he did not receive any further medical treatment until he visited his family doctor, Dr. Seballos, approximately one week after the accident. After this examination, Dr. Seballos told him that if he had a problem with pain, to take Advil and to exercise.
On cross-examination, Mr. Woolley testified that he received no further medical treatment until four months after the accident, when his attorney suggested that he visit Dr. Richard Sabransky at the Cleveland Therapy Center. After three weeks of treating with Dr. Sabransky, he was discharged from treatment.
Mr. Woolley further testified on cross-examination that about eight or nine years before the accident, he injured his back lifting someone out of a wheelchair. At that time, he was diagnosed with a pinched disc in his back, which resulted in atrophy in one of his calf muscles. Mr. Woolley also had one visit with Dr. Gabelman in 1998 and, after examining him, the doctor said that it was not necessary for him to come back. Mr. Woolley testified that he did not miss any work as a result of the accident and that he still feels occasional back pain when getting in and out of cars, reaching down and picking something up, turning the wrong way and getting out of bed.
Dr. Sabransky's videotaped deposition was then played for the jury. In his deposition, Dr. Sabransky testified that at Mr. Woolley's initial examination on July 16, 1997, he diagnosed Mr. Woolley with a right lumbrosacral strain and a right sacroiliac strain. Dr. Sabransky's recommended treatment included therapy and a supervised exercise program. He further testified that Mr. Woolley was discharged from his treatment on August 7, 1997, after six therapy sessions. His treatment was discontinued after an evaluation reflected that he had improved to a 1 on a pain scale of 0 to 10. Dr. Sabransky did not see Mr. Woolley again until he next appeared in his office on March 2, 1999 complaining of occasional right lower back pain. On that date, Mr. Woolley was examined by another physician, whose assessment stated: "Occasional right lower back pain, probably related to arthritis, doubtful whether this is still a lumbrosacral strain." Mr. Woolley was then advised that no further therapy or follow-up visits were required. Dr. Sabransky also testified that it was not unusual for an individual Mr. Woolley's age (63) to have occasional lower back pain after exertion, such as playing golf.
Plaintiffs admitted into evidence all of Mr. Woolley's medical bills between May 3, 1997 and March 2, 1999, totaling $2,148.14. After all evidence and closing arguments were presented, and the jury returned its verdict in favor of plaintiffs in the amount of $2,604.54. Subsequently, on November 7, 1999, plaintiffs filed their motion for new trial asserting that the jury's verdict was inadequate and against the weight of the evidence. This motion was denied by the trial court on November 14, 1999.
This appeal followed.
Plaintiff's sole assignment of error states:
 I. PURSUANT TO CIV.R. 59(A)(6) THE LOWER COURT ERRED IN DENYING THE MOTION FOR A NEW TRIAL BECAUSE THE VERDICT AND JUDGMENT ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE GIVEN THAT THE DEFENDANT ADMITS TO NEGLIGENTLY CAUSING THE TRAFFIC ACCIDENT WHICH INJURED THE PLAINTIFF, AND THE PLAINTIFF PROVIDED UNCONTROVERTED EVIDENCE DOCUMENTING DAMAGES RESULTING FROM THAT INJURY, WHICH EXCEED THE AMOUNT AWARDED BY THE JURY.
Civ.R. 59(A)(6) allows the trial court to grant a party's motion for a new trial where the judgment is not sustained by the weight of the evidence. A reviewing court, however, will not disturb a trial court's ruling on such a motion absent an abuse of discretion. Sharp v. Norfolk 
Western Ry. Co. (1995), 72 Ohio St.3d 307, 312. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 Generally, a new trial should be granted pursuant to Civ.R. 59(A)(6) where it appears that the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony. Baum v. Augenstein (1983), 10 Ohio App.3d 106, 107-108, 10 OBR 129, 130-131, 460 N.E.2d 701, 702-703. However, if the verdict is supported by substantial competent, credible evidence, the trial court abuses its discretion in granting a new trial based upon the weight of the evidence. Hancock v. Norfolk Western Ry. Co. (1987), 39 Ohio App.3d 77, 81, 529 N.E.2d 937, 941-942; and Verbon v. Pennese (1982), 7 Ohio App.3d 182, 183, 7 OBR 229, 229-230, 454 N.E.2d 976, 978-979.
Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773-774. Damage awards in personal injury actions are particularly within the province of the jury, and mere disagreement with the jury verdict does not warrant setting aside the verdict. Gargiulo v. Walden (May 7, 1998), Cuyahoga App. No. 72570, unreported, citing Litchfield v. Morris (1985),25 Ohio App.3d 42, 44 and Koler v. Leff (Aug. 18, 1994), Cuyahoga App. No. 66073, unreported at 3.
Notwithstanding plaintiffs' vigorous argument that the jury verdict was inadequate given their claims of pain and suffering, the jury must have concluded that the bulk of Mr. Woolley's problems did not result from the rear-end collision in question. Given the state of the disputed medical testimony and the uncertain diagnoses at which the treating and consulting physicians arrived, we cannot say that the jury verdict was against the manifest weight of the evidence.
In Sauto v. Nacht (Apr. 16, 1998), Cuyahoga App. No. 73118, unreported, this Court was faced with a similar situation and affirmed the trial court's denial of a motion for new trial, which was based on an alleged inadequate jury verdict. In Sauto, the plaintiff was rear-ended at an intersection and alleged that he experienced back pain immediately following the accident. X-rays taken after the accident revealed a narrowing in plaintiff's disc space in his neck and back due to age and arthritis in his spine. Plaintiff, age seventy-seven, was also diagnosed with a cervical and lumbar sprain along with aggravation of the arthritis. After plaintiff presented uncontroverted medical testimony of his condition, the jury returned a verdict in favor of the defendant. Plaintiff then filed his Civ.R. 59(A)(6) motion for new trial asserting that the verdict was against the manifest weight of the evidence, which was overruled by the trial court.
In Sauto, supra, we held:
 When considering a Civ.R. 59(A)(6) motion, the trial court must weigh the evidence and pass on the credibility of the witnesses. The trial court's consideration of this weight and credibility is not in the substantially unlimited sense employed by the jury but in a more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the weight of the evidence. Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph three of the syllabus. A trial judge should abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result. Bland v. Graves (1993), 85 Ohio App.3d 644.
 An appellate court's review of a decision of whether or not to grant a new trial does not involve an evaluation or weighing of the evidence. Only an abuse of discretion standard is to be applied. Osler v. Lorain (1986), 28 Ohio St.3d 345. A reviewing court should view the evidence favorably to the trial court's action rather than the jury's verdict. Jenkins v. Krieger (1981), 67 Ohio St.2d 314.
 A new trial should be granted under Civ.R. 59(A)(6) where it appears the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony. Dillon v. Bundy (1991), 72 Ohio App.3d 767. However, a verdict rendered in favor of the defense does not necessarily create a manifest injustice where the plaintiff does not receive any damages. See Michelson v. Kravitz (1995), 103 Ohio App.3d 301.
 In Reder v. Antenucci (1989), 62 Ohio App.3d 139, the plaintiff brought suit after receiving injuries in an automobile accident. Although negligence was not in dispute, the jury did not award any damages. Upon appeal, the plaintiff argued the jury's verdict was against the weight of the evidence because there was uncontroverted evidence of injury and because the defendant did not produce any expert witness to contradict the plaintiff's physicians' testimony. The court observed that the jury could have found that either there was no injury or that there was no injury caused by the accident. Without injury or causation, there would be no damages for medical expenses or anything else. Even uncontroverted medical testimony is not dispositive of the case as it is only admissible to assist the jury in determining the ultimate facts of the case. The court further noted that, as there was no visible damage to the plaintiff's car, the jury had some grounds to believe the impact of the crash was inadequate to cause the claimed injury.
 In the instant case, appellant contends that his expert testimony was uncontroverted as it was unrebutted and must be accepted as true unless there are objectively discernable reasons upon which the jury could have relied to reject the expert's opinion. Appellant argues there was no such objectively discernable reason present. Dr. Bilfield testified that appellant's neck and back problems were new and that it was likely that a low or moderate impact automobile accident could cause a spinal strain and aggravate an existing arthritic condition.
 That evidence is uncontroverted does not necessarily require the trier of fact to accept an argument advanced by a party. GTE North, Inc. v. Carr (1993), 84 Ohio App.3d 776 . Appellant contradicted himself on the extent of his injuries. His testimony at trial was that he had a constant ache in his back which did not seem to ease up or go away. Yet he told Dr. Bilfield his neck pain was gone and that his overall condition had significantly improved. Appellant testified he could no longer drive as a result of the accident but admitted under cross-examination that he continued driving for a year following the accident and stopped after he was diagnosed with lung cancer. On direct, appellant stated that he had never been told he had arthritis in his back until he saw Dr. Bilfield. Appellant chose to discontinue the recommended treatment with a physical therapist after only a few sessions instead opting to do the exercises at home.
 As in Reder, there only was slight damage to appellant's car and none to the other two vehicles. The jury may have believed the impact was insufficient to cause appellant to sustain the injuries he complained of at trial.
 The jury returned a verdict in favor of the defense. The evidence admitted at trial supports this finding. The trial court did not abuse its discretion by overruling appellant's motion for a new trial.
Plaintiffs similarly assert that they presented extensive uncontroverted evidence of Mr. Woolley's injuries and the jury must have ignored or misunderstood this evidence when it awarded such a small amount in its verdict. Therefore, the argument goes, pursuant to Civ.R. 59(A)(6), a new trial should have been granted. We disagree.
The record in the instant case reflects that defendants admitted negligence and paid Mr. Woolley in full for the damages to his car but contested the nature and extent of Mr. Woolley's injuries, if any, that were sustained in the accident. Mr. Woolley testified that immediately following the accident, he felt pain in the lower right side of his back and in his neck and shoulder area. He was then examined and x-rayed at Mt. Sinai Medical Center and released with exercises to perform. Mr. Woolley admitted that he did not receive any further medical treatment until a week after the accident and, following this examination, he was told to take Advil and exercise if he felt pain. Four months later, his attorney suggested that he see another physician and after only three weeks of treatment, he was discharged.
Mr. Woolley further admitted that years before the accident, he injured his back and was diagnosed with a pinched disc in his spine. Mr. Woolley also admitted that he did not miss any work as a result of the accident and that he still feels occasional back pain.
The only medical testimony presented at the trial was from Dr. Sabransky's videotaped deposition. In his deposition, Dr. Sabransky testified that four months after the accident, he diagnosed Mr. Woolley with a right lumbrosacral strain and a right sacroiliac strain and he recommended therapy and a supervised exercise program. Mr. Woolley was subsequently discharged from his treatment after only six therapy sessions because his pain had significantly improved. Two years later, Mr. Woolley appeared in his office complaining of occasional right lower back pain. He was examined by another physician, whose assessment was that his back pain was probably related to arthritis and it was doubtful that it was caused by the lumbrosacral strain. No further therapy or follow-up visits were required. At the time of his initial treatment, Mr. Woolley was sixty-three years old, and Dr. Sabransky testified that it was not unusual for an individual that age to have occasional lower back pain after exerting themselves.
We find, contrary to plaintiffs' assertions, that the evidence in this case was contradictory and uncertain. As discussed above, the jury was free to reject some or all of this evidence, including the medical testimony. Accordingly, we follow our previous decisions in Sauto, supra, and Doss v. Smith (June 25, 1998), Cuyahoga App. No. 72672, unreported, and find no abuse of discretion in the trial court's denial of plaintiffs' motion for new trial. Since matters of credibility, proximate cause and damage awards are for the trier of fact, the jury saw fit to award slightly more than the medical expenses. It obviously discounted the personal and expert testimony regarding the long-term effects of the accident. Neither the trial court nor this Court should substitute its judgment for that of the jury.
Plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J., and
TIMOTHY E. McMONAGLE, J., CONCUR.
________________________ JAMES M. PORTER, JUDGE