JOURNAL ENTRY AND OPINION
Peter Kolomichuk appeals from an order of the common pleas court denying his motion for a new trial following a $20,000 jury verdict he obtained in connection with his action for negligence against Francis Grega arising out of a rear-end motor vehicle collision. On appeal, Kolomichuk asserts that the trial court abused its discretion in denying his motion for a new trial because he claims that the jury's award of damages is inadequate, against the manifest weight of the evidence, and the result of passion or prejudice. After a careful review of the record and applicable law, we have concluded the trial court did not abuse its discretion, therefore, we affirm the judgment of the court.
The record here reveals that on December 4, 1998, Grega drove his vehicle into the rear end of Kolomichuk's vehicle at a traffic light on Pearl Road. After the accident, Kolomichuk drove off and later that evening went to work, but left work early and visited the Kaiser emergency room for soreness in his arms and legs.
Grega did not dispute negligence in the case, therefore the court submitted the issue of damages to a jury at trial.
Kolomichuk testified that prior to impact, he leaned across the front seat of his car in order to close a vent window on the passenger side. Grega testified that he had been stopped at the traffic light for about sixty seconds, five feet behind Kolomichuk, when his foot slipped off the brake causing his car to bump into Kolomichuk's car.
Also at trial, Kolomichuk offered evidence of his medical bills totaling $15,819.44 and testified that he could no longer do things that he enjoyed doing before the accident because of his pain. In addition, he testified that, due to the December 4, 1998 accident, he could not work steadily. In support of this claim, he introduced a statement which he prepared and which his employer stamped tabulating his lost wages at $14,000. He also testified that he took a three-week vacation to Hawaii in 1999, following a week he could not work because of back problems.
The trial also included a videotaped deposition of Dr. Maria Griffiths, who diagnosed Kolomichuk as suffering from a lumbar strain, a cervical strain, and chronic pain, which she opined to have been caused by the accident. She testified in addition that the injuries would continue to affect Kolomichuk and estimated future medical bills for physical therapy and vocational rehabilitation to be $3,000 a year.
Following the trial, the jury returned a verdict awarding Kolomichuk $20,000. He then filed a motion for a new trial pursuant to Civ.R. 59(A) or, in the alternative, additur, asserting the jury verdict to be against the manifest weight of the evidence and the result of passion or prejudice. The court denied his request and Kolomichuk now appeals.
His sole assignment of error states:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT KOLOMICHUK'S MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, ADDITUR BECAUSE THE AMOUNT OF DAMAGES AWARDED BY THE JURY ARE INADEQUATE, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND THE RESULT OF PASSION OR PREJUDICE PURSUANT TO OHIO RULE CIVIL PROCEDURE 59(A).
Kolomichuk asserts that he is entitled to a new trial because the evidence regarding his medical bills, lost wages, and past and future pain and suffering were uncontroverted, therefore the jury award appears to be the result of passion or prejudice. He also asserts that the jury award is not supported by the evidence, contending that the jury had failed to consider certain elements of damages raised by uncontroverted expert testimony, specifically, his pain and suffering, future medical expenses, and the majority of his lost wages.
Grega counters that the record is devoid of any passion or prejudice by the jury and further that the jury considered all elements of damages.
The issue for review then concerns whether the trial court abused its discretion in denying the motion for a new trial.
Civ.R. 59 provides in part:
 (A) A new trial may be granted to all or any of the parties * * * upon any of the following grounds:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 (6) The judgment is not sustained by the weight of the evidence; * * *
(7) The judgment is contrary to law; * * *
In Star Bank National Assn. v. Cirrocumulus Ltd. Partnership (1997),121 Ohio App.3d 731, 700 N.E.2d 918 the court stated:
 It is well established that a trial court's decision whether to grant a new trial lies within the sound discretion of the court.
 The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. In reviewing a trial court's ruling on a motion for a new trial, an appellate court should view the evidence before it favorably to the trial court's action, rather than the jury's verdict, where the trial court's decision involves questions of fact. A judgment supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. * * * (Citations omitted).
Damage awards in personal injury actions are particularly within the province of the jury, and mere disagreement with the jury verdict does not warrant setting aside the verdict. See Gargiulo v. Walden, 1998 Ohio App. LEXIS 2088 (May 7, 1998), Cuyahoga App. No. 72570, unreported, citing Litchfield v. Morris (1985), 25 Ohio App.3d 42, 44, and Koler v. Leff (Aug. 18, 1994), Cuyahoga App. No. 66073, unreported.
In Dillon v. Bundy (1991), 72 Ohio App.3d 767, the court stated:
 In assessing whether a trial court has abused its discretion under Civ.R. 59(A)(4), a reviewing court should consider the amount of the verdict, whether the jury considered incompetent evidence, improper argument by counsel or other improper conduct which can be said to have influenced the jury. (Citations omitted.)
To support a finding of passion or prejudice by the jury warranting a new trial pursuant to Civ.R. 59(A)(4), it must be demonstrated that the jury's assessment of the damages was so overwhelmingly disproportionate as to shock reasonable sensibilities. Jeanne v. Hawkes Hosp. Of Mt. Carmel (1991), 74 Ohio App.3d 246,257. The mere size of the verdict is insufficient to establish proof of passion or prejudice. Id.
As to the assessment of whether a verdict is contrary to the weight of the evidence, trial courts are vested with wide discretion to determine whether a manifest injustice has been done. Rohde v. Farmer (1970),23 Ohio St.2d 82, paragraph three of the syllabus.
Generally, a new trial should be granted under Civ.R. 59(A)(6) where it appears the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony. Dillon v. Bundy (1991), 72 Ohio App.3d 767, 596 N.E.2d 500.
Furthermore, in Bailey v. Allberry (1993), 88 Ohio App.3d 432,435, the court stated:
 [I]n order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim. (Emphasis deleted.)
In this case, the only basis of Kolomichuk's complaint of jury passion or prejudice is his assertion of an inadequate jury award; however, the mere size of the verdict, without more, is insufficient to establish proof of passion or prejudice. See Jeanne, supra. Kolomichuk has not demonstrated that the jury considered incompetent evidence or that counsel made an improper argument or otherwise engaged in improper conduct thereby influencing the jury, See Dillon, supra; neither did he demonstrate that the jury verdict is so overwhelmingly disproportionate as to shock reasonable sensibilities. In the absence of any evidence of prejudice or passion, therefore, neither this court nor the trial court can substitute its judgment for that of the jury in the area of damages in a personal injury case. See Gargiulo, supra.
Next, in support of his contention that the damage award is not supported by the weight of the evidence, Kolomichuk argues that the jury awarded inadequate damages because it had failed to consider an element of damages established by uncontroverted expert testimony, specifically, that of his pain and suffering, future medical expenses, and the majority of his lost wages.
In this regard, Kolomichuk produced Dr. Griffths' deposition testimony regarding her diagnosis of his injuries caused by the accident and her estimate of his future medical bills. While Grega did not produce any expert witness, the proper inquiry here is not whether the medical expert evidence is uncontroverted, but rather whether it appears that the jury failed to consider elements of damages established by such evidence.
Our review of the record does not indicate that the jury failed to consider the elements of damages regarding pain and suffering or future medical bills; in addition to Dr. Griffiths' testimony, the jury also heard testimony from Kolomichuk that he was able to drive his vehicle from the scene of the accident and later to go to work that evening; further, the jury considered photographic evidence showing the damage to Kolomichuk's vehicle; in addition, Kolomichuk admitted that he took a three-week vacation to Hawaii immediately following a week he had been unable to work. The jury therefore could have reasonably concluded that the impact of the accident was insufficient to cause Kolomichuk to sustain the injuries he claimed at trial. See also GTE North, Inc. v. Carr (1993), 84 Ohio App.3d 776 (that evidence is uncontroverted does not necessarily require the trier of fact to accept an argument advanced by a party). Thus, our review of the record does not suggest that the jury failed to consider damages of pain and suffering or future medical bills.
Regarding lost wages, Kolomichuk produced at trial his own tabulation of lost wages totaling $14,000. The record, however, also contains his testimony that he was unable to work in the week prior to his vacation to Hawaii, which, coupled with the testimony and the photographs depicting the minimal impact of the accident, could have permitted the jury to infer that he did not sustain serious injuries. The record does not therefore indicate that the jury failed to consider damages regarding lost wages.
Because our review of the record does not suggest that the verdict is so gross as to shock the sense of justice and fairness; that it cannot be reconciled with the undisputed evidence in the case; or that it is the result of an apparent failure by the jury to include all items of damage making up Kolomichuk's case, we conclude that the damage award is not against the weight of the evidence. Bailey, supra. Accordingly, we have concluded that the trial court did not abuse its discretion in denying Kolomichuk his request for a new trial pursuant to Civ.R. 59.
It is ordered that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND MICHAEL J. CORRIGAN, J., CONCUR.