DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Robert Norman, appeals the decision of the Akron Municipal Court, which found him guilty of driving under the influence and operating left of the center line of travel. This Court affirms.
 I. {¶ 2} On March 27, 2005, at approximately 2:00 a.m., Sergeant George Witeof of the City of Akron Police Department was on routine traffic patrol when he observed appellant's vehicle travel left of the yellow center road line. Officer Witeof had to take evasive action to avoid a collision with appellant's vehicle. After avoiding the near collision, Sergeant Witeof stopped appellant's vehicle and issued him a citation for traveling left of center.
 {¶ 3} While issuing appellant the citation, Sergeant Witeof detected a moderate odor of alcohol emanating from appellant. Sergeant Witeof also noticed that appellant's eyes were blood shot and glassy and that his speech was slurred. Based upon these observations, Sergeant Witeof asked appellant to exit the vehicle and perform some field sobriety tests.
 {¶ 4} Sergeant Witeof first administered the horizontal gaze nystagmus test ("HGN"). While administering this test, appellant showed 6 clues of intoxication, the maximum amount to be detected under the HGN test. Next, Sergeant Witeof had appellant perform the walk-and-turn test. While performing this test, appellant failed to count aloud as instructed, appeared unsteady on his feet, walked 10 steps instead of 9, and did not turn as instructed by Sergeant Witeof. Thirdly, Sergeant Witeof had appellant perform the one-legged stand test. Appellant also appeared "somewhat wobbly" and failed to follow instructions while performing the one-legged stand test.
 {¶ 5} Sergeant Witeof then asked appellant to have a seat in the rear of the police cruiser. While in the cruiser, Sergeant Witeof asked appellant to recite the alphabet, which appellant was unable to do without getting letters out of order. At this time, Sergeant Witeof noticed that the odor of alcohol about the appellant "greatly intensified" while he was in the police cruiser. Based upon his observations and the appellant's performance on the field sobriety tests, Sergeant Witeof then arrested appellant for driving under the influence.
 {¶ 6} While appellant was in the police cruiser, Sergeant Witeof spoke with Paul Hamler, a passenger in appellant's vehicle. Hamler told Sergeant Witeof that he and appellant had just left a bar called The Metro in Highland Square. When asked how much alcohol the appellant had consumed at the bar, Hamler responded "not that much." Hamler did tell Sergeant Witeof that he bought appellant a bottle of beer, but that he did not know if appellant drank it. After questioning Hamler, Sergeant Witeof allowed him to walk to appellant's residence and transported appellant to the police station.
 {¶ 7} At the police station, Officer Linda McCain advised appellant of the Implied Consent Law and the penalties for refusing to submit to the blood alcohol test ("BAC"). Appellant acknowledged that he understood the Implied Consent Law as read and refused to take the BAC test. Appellant was then asked to perform a series of field sobriety tests which were videotaped. At the station, appellant told Sergeant Witeof and Officer McCain that he was traveling from Copley to his home on Crosby Street when he was stopped by Sergeant Witeof. Appellant further informed Officer McCain that he had not consumed any alcohol that day, only water.
 {¶ 8} On March 27, 2005, appellant was charged with operating a motor vehicle while under the influence of alcohol, a violation of R.C. 4511.19(A)(1)(a); and driving left of center, a violation of Akron City Code 72.08. Appellant entered a plea of not guilty and the matter proceeded to a jury trial. At trial, appellant admitted traveling left of center. At the close of the trial, the jury found appellant guilty of operating a motor vehicle while under the influence of alcohol, and the trial court sentenced him accordingly.
 {¶ 9} Appellant timely appeals his conviction for operating a motor vehicle while under the influence of alcohol, setting forth three assignments of error for review. The assignments of error have been rearranged to facilitate review.
 II. SECOND ASSIGNMENT OF ERROR
"THE CITY OF AKRON FAILED TO PROVE BEYOND A REASONABLE DOUBT ALL ELEMENTS OF THE CRIME OF DRIVING UNDER THE INFLUENCE OF ALCOHOL, SPECIFICALLY THE CITY FAILED TO PROVE THAT APPELLANT NORMAN WAS IMPAIRED BY ALCOHOL, THEREBY VIOLATING APPELLANT NORMAN'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT. U.S. CONST. AMEND. XIV[.]"
 {¶ 10} Appellant argues in his second assignment of error that the City failed to offer sufficient evidence to prove that appellant's ability to drive was impaired by alcohol. This Court disagrees.
 {¶ 11} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997),78 Ohio St.3d 380, 386. Accordingly, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) Jackson v. Virginia (1979), 443 U.S. 307,319.
 {¶ 12} Appellant was convicted of driving under the influence in violation of R.C. 4511.19(A)(1)(a) which provides, in relevant part:
"No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."
This Court notes that appellant refused to submit to a BAC test. However, R.C. 4511.19(A)(1)(a) does not necessitate any finding of a certain blood alcohol content to support a conviction, but rather only requires evidence that a defendant was operating a motor vehicle while impaired by alcohol.
 {¶ 13} Sergeant Witeof testified that he observed appellant's vehicle traveling left of center and that he had to take evasive action to avoid a collision. Sergeant Witeof stated that upon approaching appellant's vehicle, he detected a moderate odor of alcohol about appellant, and that appellant's speech was slurred and his eyes were bloodshot and glassy. Sergeant Witeof further testified that while he was administering the walk and turn test, appellant appeared unsteady on his feet. Sergeant Witeof stated that after appellant had been in the police cruiser by himself, he noticed that the odor of alcohol had "greatly intensified." Sergeant Witeof indicated that no one else who had been in the cruiser that night had been drinking.
 {¶ 14} Appellant testified on his own behalf at trial. After telling Sergeant Witeof and Officer McCain at the time of his arrest that he had not consumed any alcohol on the evening in question, appellant testified at trial that he had drunk wine earlier that evening at church after fasting for three days. Appellant further testified that he was driving home from The Metro, a bar located in Highland Square, when he was stopped by Sergeant Witeof. However, at the time of his arrest, appellant told Sergeant Witeof and Officer McCain that he was on his way home from Copley when he was pulled over by Sergeant Witeof. Furthermore, Officer Witeof testified that when he questioned Paul Hamler, the passenger in appellant's vehicle, on the night of the arrest, Hamler stated that the two were coming from The Metro.
 {¶ 15} The above testimony combined with the fact that Sergeant Witeof observed appellant driving erratically was sufficient to enable a jury to find appellant guilty of violating R.C. 4511.19(A)(1)(a). Accordingly, this Court finds that viewing the evidence in a light most favorable to the prosecution, the jury could have found appellant guilty of driving under the influence beyond a reasonable doubt. Appellant's second assignment of error is overruled.
 FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF THE HORIZONTAL GAZE NYSTAGMUS TEST AND OTHER FIELD SOBRIETY TESTS WHERE NO PROPER FOUNDATION WAS ESTABLISHED FOR THE JURY TO DETERMINE THE WEIGHT OR RELIABILITY OF THE TESTS PER R.C. § 4511.19: STATE V.HOMAN (2000), 89 OHIO ST.3D 421; STATE V. SCHMITT (2004), 101 OHIO ST.3D 79[.]"
 {¶ 16} In this assignment of error, appellant argues that it was plain error for the trial court to admit testimony regarding the results of the horizontal gaze nystagmus ("HGN") test and other standardized field sobriety tests based on the lack of foundation to support the reliability of such tests. This Court disagrees.
 {¶ 17} At trial, defense counsel did not object to the admission of Sergeant George Witeof's testimony regarding the HGN test and other standardized field sobriety tests performed by appellant. However, on appeal, appellant argues that the admission of Sergeant Witeof's testimony rose to the level of plain error. Crim.R. 52(B) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Supreme Court of Ohio has cautioned that "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Crim.R. 52(B) places three limitations on the decision of a reviewing court to correct an error despite the absence of a timely objection at trial. There must first be an error or deviation from a legal rule. Second, the error must be plain — it must "be an `obvious' defect in the trial proceedings." Finally, the error must have affected substantial rights to the point that the court's error affected the outcome of the trial. State v. Davis, 9th Dist. No. 21794,2004-Ohio-3246, at ¶ 17, citing State v. Barnes,94 Ohio St.3d 21, 27, 2002-Ohio-68 (Internal citations omitted.).
 {¶ 18} To support his argument, appellant cites State v.Homan (2000), 89 Ohio St.3d 421, and State v. Schmitt,101 Ohio St.3d 79, 2004-Ohio-37. While this Court agrees that these cases are relevant to the present matter, we do not find appellant's arguments persuasive.
 {¶ 19} In Homan, the Supreme Court of Ohio held that:
"In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." (Emphasis added.) Id. at paragraph one of the syllabus.
 {¶ 20} In Schmitt, the Supreme Court extended the holding in Homan to the admission of evidence at trial about the results of field sobriety tests. 2004-Ohio-37 at ¶ 8. However, the Court went on to note that during the time between its decision in Homan and its decision in Schmitt, the legislature substantially revised R.C. 4511.19, requiring only substantial compliance for admissibility of the results of field sobriety tests. Id. at ¶ 9. Thus, the Court recognized that that particular portion of its ruling in Schmitt was limited. Id.
 {¶ 21} In Schmitt, the Court also held that a law enforcement officer may testify at trial regarding observations made during a defendant's performance of nonscientific standardized field sobriety tests regardless of whether the actual test results are admissible. Id. at ¶ 15.
 {¶ 22} In this case, Sergeant Witeof testified at trial as to his observations of appellant during the field sobriety testing as well as the results of those tests. While this Court finds that the proper foundation was not laid to enable Sergeant Witeof to testify regarding the results of the field sobriety tests, his testimony regarding his observations of appellant was admissible.Schmitt at ¶ 15. As this Court analyzed appellant's second assignment of error without considering Sergeant Witeof's testimony regarding the test results of the field sobriety tests or the HGN test, and concluded that the remaining evidence presented was sufficient to affirm appellant's conviction, any error in the admission of Sergeant Witeof's testimony concerning the results of the field sobriety tests does not rise to the level of plain error. Davis at ¶ 23.
 {¶ 23} Appellant also argues that the City failed to present a proper foundation before eliciting Sergeant Witeof's testimony regarding the results of the HGN test. Assuming without deciding that the admission of Sergeant Witeof's testimony regarding the results of the HGN test was error, this Court finds that without the admission of the results of the HGN test sufficient evidence was presented to sustain appellant's conviction. Consequently, any error in the admission of Sergeant Witeof's testimony regarding the results of the HGN test does not constitute plain error. Id.
 {¶ 24} Appellant's first assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"THE PROSECUTOR ENGAGED IN PROSECUTORIAL MISCONDUCT BY INVADING THE PROVINCE OF THE JURY AND ASKING THE JURY TO STEP INTO THE APPELLANT'S SHOES WHEN CONSIDERING APPELLANT NORMAN'S REFUSAL TO SUBMIT TO THE BAC TEST IN VIOLATION OF THE APPELLANT'S DUE PROCESS RIGHTS AND THE RIGHT TO AN IMPARTIAL JURY UNDER THESIXTH AMENDMENT. U.S. CONST. AMEND. XIV; U.S. CONST. AMEND VI[.]"
 {¶ 25} In his third assignment of error, appellant contends that the prosecutor engaged in prosecutorial misconduct and that such conduct violated his right to an impartial jury. This Court disagrees.
 {¶ 26} When examining alleged prosecutorial misconduct this Court must determine whether the remarks are improper, and if so, whether they prejudicially affected appellant's substantial rights. State v. Lott (1990), 51 Ohio St.3d 160, 165. The prosecutor's conduct must be considered in the context of the entire trial. See Darden v. Wainwright (1986), 477 U.S. 168,181-182. "Mistrials need to be declared only when the ends of justice so require and a fair trial is no longer possible."State v. Franklin (1991), 62 Ohio St.3d 118, 127. The standard of review for evaluating a trial court's decision to grant or deny a mistrial is abuse of discretion. State v. Maurer (1984),15 Ohio St.3d 239, 269. An abuse of discretion connotes more than an error of law or judgment. It implies that the trial court ruled arbitrarily, unreasonably, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Appellant challenges the following comment made by the prosecutor during closing argument:
"Ladies and Gentlemen, ask yourself whether you're given a chance to blow into a little machine and you have had nothing, not one sip of alcohol except for the wine that you consumed at church, whether you would blow into that machine instead of having your driver's license suspended for a year, instead of being in court right now. Would you blow into that machine?"
 {¶ 27} In State v. Roberson (June 23, 1982), 5th Dist. No. 5828, the court stated:
"The `golden rule' technique of argument to a jury runs afoul of this clear limitation upon the right of the attorney to comment upon the evidence as opposed to appealing to the passion or sympathy of the jury. `Do unto others as you would do unto me' carries an improper implication in final argument."
Generally, a "golden rule" argument is improper. However, a "golden rule" comment during closing argument is no longer per se prejudicial so as to warrant a new trial. See Dillon v. Bundy
(1991), 72 Ohio App.3d 767, 775. Moreover, considerable latitude is permitted in closing argument. Maurer, 15 Ohio St.3d at 269.
 {¶ 28} In this case, while the prosecutor's comment was improper, this Court does not find that it prevented appellant from receiving a fair trial. Appellant's third assignment of error is overruled.
 III. {¶ 29} Appellant's assignments of error are overruled. The decision of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Whitmore, J, concur.